# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| Juan Sanchez, | ) | |
| | ) | |
| Petitioner, | ) | Case No. 14 C 6076 |
| | ) | |
| v. | ) | |
| | ) | Judge John Robert Blakey |
| Warden Roeckeman, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon Petitioner's Petition for Writ of Habeas Corpus [1] and the Status Report [12] filed herein by Respondent, and the Court being otherwise fully advised.

Petitioner Juan Sanchez (a/k/a Juan Sanchez-Alvarado), an Illinois state prisoner, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his convictions for predatory criminal sexual assault of a child on the grounds that: (1) he was denied effective assistance of counsel, (2) he was denied compulsory process and (3) he has new evidence, in the form of information from the Centers for Disease Control and Prevention ("CDC"), which allegedly proves his innocence. At this point in the proceedings, Petitioner has paid the filing fee [7], but he concedes that he has not yet exhausted state court remedies with respect to all of the claims raised in his Petition for Writ of Habeas Corpus. Specifically, Petitioner indicates that he has a pending post-conviction petition contending that the information from the CDC proves his innocence. This issue has not been presented to the Illinois Supreme Court. [1] at 3, 6.

Under well-established law, an inmate who challenges a state conviction under 28 U.S.C. § 2254 must first exhaust his state court remedies as to all his claims. *Rhines v. Weber*, 544 U.S. 269, 273-74 (2005); *Rose v. Lundy*, 455 U.S. 509 (1982). Under the exhaustion rule, the Court has certain discretion to dismiss or stay a "mixed petition" containing exhausted and unexhausted claims. *Rhines*, 544 U.S. at 277-78.

Accordingly, it is hereby ORDERED as follows:

Petitioner is directed to inform the Court within 21 days whether he wishes to (1) drop his unexhausted claim and proceed with his exhausted claims only, (2) have this case dismissed without prejudice or (3) have this case stayed pending the exhaustion of his unexhausted claim.

If Petitioner decides to drop his unexhausted claim, he must submit an amended Petition for Writ of Habeas Corpus on the Court's form omitting the unexhausted claim within 21 days. If Petitioner submits an amended Petition for Writ of Habeas Corpus dropping the unexhausted claim, the Court will order Respondent to answer or otherwise plead. Petitioner is forewarned that if he should decide to forgo any unexhausted claim at this juncture, rules against second or successive habeas petitions may preclude him from raising those claims at a later date. *See* 28 U.S.C. § 2244(b)(3)(A).

If Petitioner's case is dismissed, Petitioner is forewarned that he may be later precluded from bringing a second Petition for Writ of Habeas Corpus based on the applicable statute of limitations. *See* 28 U.S.C. 2244(d)(1).

If Petitioner seeks to have this case stayed, he must file with the Court within 21 days a document establishing: (1) good cause for Petitioner's failure to have previously exhausted his unexhausted claim; and (2) the basis to find that such unexhausted claim is potentially meritorious and that Petitioner is not engaging in intentionally dilatory litigation tactics. The Court then will consider whether a stay is appropriate and how long such a stay (if any) should last. The Clerk is directed to provide Petitioner with an amended Petition for Writ of Habeas Corpus and instructions.

Petitioner's motion for attorney representation [4] is denied without prejudice at this time as premature. Counsel must be sought in a habeas corpus proceeding only if an evidentiary hearing is needed or if interests of justice so require. *See* Rule 8(c), Rules Governing Section 2254 Cases.

Dated: February 9, 2015

Entered:

_____
John Robert Blakey
United States District Court Judge